## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARON AIKENS, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>Defendant. | Case No. 1:16-cv-1159<br><br>**Class Action Complaint**<br><br>**Jury Trial Demanded** |

## NATURE OF ACTION

1. Plaintiff Sharon Aikens ("Plaintiff") brings this putative class action against Defendant Portfolio Recovery Associates, LLC ("Defendant") pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*., on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times the State of New York, County of Suffolk, and City of Brentwood.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6) and 12 C.F.R. § 205.2(e).

6. Defendant is a Virginia limited liability company that is, upon information and belief, duly licensed to conduct business within the state of New York, and with a principal office located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

## THE ELECTRONIC FUND TRANSFER ACT

7. The EFTA is a federal statute that regulates electronic fund transfers—in particular, preauthorized transfers—initiated by consumers through financial institutions.

8. Congress passed EFTA "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b).

9. Courts have observed that it was "[t]he dependency of electronic fund transfer systems on computers and the resulting absence of any human contact with the transfer [that] motivated Congress to pass the EFTA, as well as the lack of a written record." *Vigneri v. U.S. Bank Nat'l Ass'n.*, 437 F. Supp. 2d 1063, 1066 (D. Neb. 2006).

10. In passing the EFTA, however, Congress noted that "[t]he primary objective of [the EFTA] . . . is the provision of individual consumer rights." 15 U.S.C. § 1693(b).

11. Section 1693e(a) of the EFTA provides in pertinent part:

> A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made.

15 U.S.C. § 1693e(a).

## FACTUAL ALLEGATIONS

12. Defendant is a debt collector who purchased the debt owed by Plaintiff on a Capital One credit card (the "Debt").

13. Defendant contacted Plaintiff in an attempt to collect on the Debt.

14. On or about March 11, 2015, Plaintiff and Defendant entered into an automatic payment plan to pay off Plaintiff's Debt.

15. Plaintiff's payments were to be made from her Islands Federal Credit Union checking account (the "Account").

16. Plaintiff established the Account for personal, family, or household purposes.

17. The Account is an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. § 205.2(b)(1).

18. The payments called for in the automatic payment arrangement were to be taken electronically.

19. Therefore the payments were "electronic fund transfers" as defined by 15 U.S.C. § 1693a(7) and 12 C.F.R. § 205.3(b).

20. The electronic funds transfers called for by the payment arrangement were to occur at substantially regular intervals.

21. Thus the transfers are "preauthorized electronic fund transfers" as defined by 15 U.S.C. § 1693(a)(10) and 12 C.F.R. § 205.2(k).

22. Per the arrangement, Defendant was to debit Plaintiff's Account for $32.91 on a monthly basis.

23. In April of 2015, Defendant began debiting Plaintiff's account, and has continued to do so.

24. Plaintiff and Defendant entered into this agreement over the phone.

25. Defendant did not obtain Plaintiff's signed written authorization before debiting her account in April, 2015.

26. Defendant also failed to provide Plaintiff with a copy of Plaintiff's signed, written authorization at the time it was made.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs repeat and re-allege all factual allegations above.

28. Defendant is the largest publicly traded debt buyer in the United States and has bought more than 33 million accounts.[1]

29. Defendant commonly uses payment plans to receive payments from individuals on their debts.[2]

30. Upon information and belief, Defendant routinely enters into agreements with consumers to establish preauthorized electronic fund transfers over the phone.

31. Upon information and belief, Defendant routinely fails to give a copy of a signed agreement to the individual either at the time of the transaction or at a later time, as Defendant failed to do with Plaintiff above.

32. Upon information and belief, Defendant has taken the actions mentioned above with regard to at least 40 individuals.

---

[1] Carolyn Shapiro, *Turnips can bleed: The Portfolio Recovery Story*, THE VIRGINIAN-PILOT (Sept. 23, 2013), http://pilotonline.com/business/turnips-can-bleed-the-portfolio-recovery-story/article_26478909-f444-5294-945b-7f9db19a7823.html.
[2] *Id.*

33. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All individuals in the United States from whose checking account Defendant, in the year prior to the filing of this complaint, made an electronic fund transfer pursuant to a preauthorized electronic fund transfer agreement entered into with the consumer via telephone.

34. The proposed class specifically excludes the United States of America, the State of New York, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

35. The class is averred to be so numerous that joinder of members is impracticable.

36. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

37. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

38. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the EFTA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

39. The claims of Plaintiff are typical of the claims of the class she seeks to represent.

40. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

41. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

42. Plaintiff will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflict with the interests of other class members.

43. Plaintiff is willing and prepared to serve this Court and the proposed class.

44. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

45. Plaintiff has retained the services of counsel who is experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiffs and all absent class members.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class

who are not parties to the action or could substantially impair or impede their ability to protect their interests.

47. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

50. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

*Class Action Complaint*
*Page 7 of 9*

## COUNT I
## VIOLATION OF 15 U.S.C. § 1693e(a)

51. Plaintiff repeats and re-alleges each and every factual allegation above.

52. "A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." 15 U.S.C. § 1693e(a).

53. Defendant violated § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without having Plaintiff's signed, written authorization or its equivalent.

54. Defendant further violated § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without sending Plaintiff a copy of her signed, written authorization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes.

b) Adjudging that Defendant violated 15 U.S.C. § 1693e(a) and Regulation E;

c) Enjoining Defendant from further violations of 15 U.S.C. § 1693e(a) and Regulation E;

d) Awarding Plaintiff and the class members she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1693m(a)(1);

e) Awarding Plaintiff and the class she seeks to represent statutory damages, such amount as the court may allow, except that no minimum recovery shall be applicable to each member of the class and that total recovery will be the lesser of $500,000 or 1 percentum of the net worth of Defendant, pursuant to 15 U.S.C. § 1693m(a)(2)(B);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1693m(a)(3); and

g) Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

55. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 8, 2016.

Respectfully submitted,

s/Justin Auslaender
Justin Auslaender
Eastern District Bar No. JA5875
NY Bar No. 5095476
Thompson Consumer Law Group
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (917) 793-9022
Facsimile:  (917) 793-9037
Email: justin@theauslaenderfirm.com

Attorney for Plaintiff

*Please direct local correspondence to:*

90-35 148th Street
Jamaica, NY 11435