UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHARON AIKENS, on behalf of herself and
all others similarly situated,

                          Plaintiff,

      -against-

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

                        Defendant.

----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 28 2017 ★

LONG ISLAND OFFICE

<u>AMENDED ORDER</u>

CV 16-1159

(Wexler, J.)

APPEARANCES:

    THE AUSLAENDER FIRM, P.C.
    BY:   JUSTIN ALAN AUSLAENDER, ESQ.
    Attorneys for Plaintiff
    43 West 43rd Street, Suite 163
    New York, New York 10036

    THOMPSON CONSUMER LAW GROUP, PLLC
    BY:   MICHAEL ROLLAND, ESQ.
    Attorneys for Plaintiff
    5235 E. Southern Avenue, D106-618
    Mesa, Arizona 85206

    MCGUIRE WOODS LLP
    BY:   DAVID L. HARTSELL, ESQ.
            SARAH A. ZIELINSKI, ESQ.
            MICHAEL VAN RIPER, ESQ.
    Attorneys for Defendant
    77 West Wacker Drive, Suite 4100
    Chicago, Illinois 60601

WEXLER, District Judge:

Before the Court is Defendant's motion to dismiss this putative class action for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff opposes the motion. For the following reasons, Defendant's motion is granted and this action is dismissed, without prejudice.

## BACKGROUND

Plaintiff, Sharon Aikens, owed a debt on a Capital One credit card, which was subsequently purchased by Defendant, Portfolio Recovery Associates ("PRA"). PRA then contacted Plaintiff in an attempt to collect on her debt.

On or about March 11, 2015, Plaintiff and PRA entered into an oral agreement over the telephone, whereby PRA would automatically debit Plaintiff's checking account each month in the amount of $32.91 until her debt was satisfied. PRA began debiting Plaintiff's checking account in April 2015 and continues to do so to date.

Plaintiff commenced the within putative class action on March 8, 2016, alleging that PRA violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693e(a), by failing to obtain Plaintiff's consent for the monthly automated electronic transfers in writing. Plaintiff alleges that PRA further violated the EFTA by failing to provide Plaintiff with a copy of her signed, written authorization. Plaintiff seeks statutory damages, as well as attorney's fees and costs.

PRA now moves to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of jurisdiction, on the grounds that Plaintiff does not have standing to pursue this action because she has not suffered a "concrete injury," as defined by the Supreme

Court's holding in Spokeo, Inc. v. Robins, __ U.S. __, 136 S. Ct. 1540 (2016). Plaintiff opposes the motion.

## DISCUSSION

I. Legal Standard

A district court should dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) where the court "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Fed. R. Civ. P. 12(b)(1). When reviewing a motion to dismiss for lack of jurisdiction, the Court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to Plaintiff[]." Wood v. GMC, No. CV 08-5224, 2010 U.S. Dist. LEXIS 96157, at *9 (E.D.N.Y. Aug. 23, 2010) (quoting J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004)) (additional citation omitted) (alteration in original). The Court may also "consider evidence outside the pleadings, such as affidavits" when determining whether it has jurisdiction. Stoothoff v. Apfel, No. 98 Civ. 5724, 1999 U.S. Dist. LEXIS 10459, at *1 n.1 (S.D.N.Y. July 7, 1999) (citing cases). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Wood, 2010 U.S. Dist. LEXIS 96157, at *9 (quoting Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005)).

II. Article III Standing

Article III standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). "If [a] plaintiff[]

-3-

lack[s] Article III standing, a court has no subject matter jurisdiction to hear [his or her] claim," and the action must be dismissed. Mahon v. Ticor Title Ins. Co., 683 F.3d 59, 62 (2d Cir. 2012).

"To satisfy the 'irreducible constitutional minimum' of Article III standing, a plaintiff must demonstrate (1) 'injury in fact,' (2) a 'causal connection' between that injury and the complained-of conduct, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" Strubel v. Comenity Bank, 842 F.3d 181, 187-88 (2d Cir. 2016) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). The plaintiff bears the burden of establishing the elements of standing. See Ross v. Metropolitan Life Ins. Co., Nos. 15-2665-cv, 15-3504-cv, 15-3553-cv, 15-4189-cv, 2017 U.S. App. LEXIS 3239, at *4 (2d Cir. Feb. 23, 2017) (citing Spokeo, Inc. v. Robins, __ U.S. __, 136 S. Ct. 1540, 1547 (2016)).

"To demonstrate injury in fact, a plaintiff must show the 'invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Strubel, 842 F.3d at 188 (quoting Lujan, 504 U.S. at 560). Here, Plaintiff asserts that she has standing based on PRA's alleged violation of the EFTA. However, "Article III standing requires a concrete injury even in the context of a statutory violation." Spokeo, 136 S. Ct. at 1549. As the Supreme Court held in Spokeo, a plaintiff does not automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id. A plaintiff cannot "allege a bare [statutory] procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Strubel, 842 F.3d at 189 (quoting Spokeo, 136 S. Ct. at 1549) (alteration in original).

That is precisely what Plaintiff seeks to do here. Plaintiff amassed a debt that she failed

to pay. After acquiring that debt, PRA entered into a monthly payment plan with Plaintiff, which Plaintiff authorized and agreed to, whereby PRA would debit Plaintiff's checking account each month. Now, Plaintiff seeks to obtain money damages from PRA for allegedly violating the EFTA by not obtaining Plaintiff's agreement in writing.[1] There is no concrete injury here. Plaintiff authorized PRA to withdraw money from her account to repay the debt she owed. PRA did not take more money than was agreed to. Nor did they withdraw the money from any other account than that which Plaintiff authorized. The Court fails to see how Plaintiff suffered any injury here whatsoever.

Since Plaintiff has failed to establish standing to bring the within action, Defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), is granted and this action is dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss this action for lack of jurisdiction is granted and this action is dismissed, without prejudice. The Clerk of the Court is directed to enter an Amended Judgment consistent with this Order.

**SO ORDERED:**

Dated: Central Islip, New York
       November 28, 2017

LEONARD D. WEXLER
United States District Judge

---

[1] While the Court takes no position with respect to the merits of Plaintiff's claim since it finds jurisdiction lacking here, it finds the claim dubious at best.